In the Matter of the Estate of LOTTIE E. SKINNER, Deceased.

Surrogate's Court, Erie County, June 16, 1937.

*Chester B. Smith* [*Charles J. Strong* of counsel], for Doris H. Baltzer, as executrix, etc.

*Thomas R. Stone*, for the Assembly Hall and the Believers in Christ.

HART, S. Lottie E. Skinner, late of the village of Hamburg, Erie county, N. Y., died in said village of Hamburg on the 6th day of April, 1935, leaving a last will and testament bearing date April 7, 1934, which was admitted to probate by this court on the 12th day of April, 1935, and letters testamentary thereunder issued to Doris H. Baltzer, the executrix named in said will.

Paragraph second of decedent's will reads as follows:

"*Second.* I give and bequeath to Assembly Hall, now located at 111 Elmwood Avenue, Buffalo, New York, the sum of One Thousand Dollars ($1,000.00), for its support and maintenance."

Paragraph fifth of decedent's will reads as follows:

"*Fifth.* I give and bequeath to Blasdell Chapel, located in the Village of Blasdell, Erie County, New York, the sum of Five Hundred Dollars ($500.00)."

On or about January 16, 1926, the said Lottie E. Skinner paid to the Assembly Hall the sum of $1,000, and said Assembly Hall delivered to the said decedent an instrument as follows:

"*Jan.* 16, 1926.

" Assembly Hall,
    111 Elmwood Ave.,
        Buffalo, N. Y.

" We, the undersigned Trustees, of and for above corporation, do contract and agree on payment of $1000.00 cash to pay Mrs. Lottie Skinner of Blasdell 6% interest semi-annually viz. July 1st and January 1st for her lifetime. It is understood and agreed that annuity payments shall cease upon her death and the capital amount of $1000.00 shall be in toto the property of the Assembly Hall Incorporated.

" We hereby ascribe our names as Trustees of the above corporation.

" In behalf of the Trustees.

        EDWARD FAIRBAIRN, *Chairman*
        JAMES R. VIRTUE, *Clerk & Treasurer*
        HENRY RENNER
        EDWIN D. MONROE
        GEORGE HUNTER "

That on receipt of said sum of $1,000 from the said Lottie E. Skinner, the said James R. Virtue, secretary and treasurer, entered in the cash book of said corporation the following entry: " Mrs. Lottie Skinner $1,000.00 6% per annum to be paid as interest July 1st and January 1st during the lifetime of Mrs. Skinner and at her death $1000 to become the property of Assembly Hall."

It is contended upon behalf of the executrix of the will of said decedent that said sum of $1,000 so paid to said Assembly Hall is a valid and subsisting debt of said Assembly Hall, Incorporated, due the estate of said Lottie E. Skinner, and as such is an offset to the legacy of $1,000 so given under paragraph second of said decedent's will.  It is conceded by both sides that interest on said sum of $1,000 so paid was paid by Assembly Hall, Incorporated, up to the date of decedent's death.

It is contended that the legacy given under paragraph fifth of said decedent's will is void, on the ground that Blasdell Chapel is not incorporated, the actual corporation which is the owner and conducts services at Blasdell Chapel being " Believers in Christ." The place in which the " Believers in Christ " worship is situate in the village of Blasdell, is colloquially known in said village and surrounding community as " Blasdell Chapel," and on a sign fastened to the front of said building is printed the words " Blasdell Chapel." Mrs. Skinner in her lifetime was a member of said chapel and worshipped there and attended services in that building.

It appears that Assembly Hall was duly incorporated as a religious corporation, the certificate being filed in the Erie county clerk's office on April 25, 1916, and that Believers in Christ, who worship at Blasdell, is a duly incorporated religious corporation.

In view of the provision of said decedent's will contained in paragraph second, and the acceptance by said decedent of the guaranty of said trustees for the payment of interest on said sum of $1,000 so paid to Assembly Hall on or about January 16, 1926, and the fact that said decedent while a resident in this community often worshipped at said Assembly Hall, I am of the opinion that said $1,000 so paid to said Assembly Hall on or about January 16, 1926, is not a valid and subsisting debt of said corporation, but was extinguished by said Assembly Hall carrying out the terms of said contract by paying interest during the lifetime of said decedent, and that upon her death said sum of $1,000 became its absolute property, and that said Assembly Hall is entitled to payment of the sum of $1,000 on its legacy so given in paragraph second.

I am also of the opinion that the " Believers in Christ " are entitled to the legacy given in paragraph fifth to the Blasdell Chapel, such use of the name " Blasdell Chapel " being intended

to be and actually designating the corporation " Believers in Christ " which worshipped at said Blasdell Chapel, and that said Believers in Christ are entitled to payment of said sum of $500 so given in paragraph fifth.

Let a decree enter accordingly.